256 So.2d 255 (1971)
Lucia P. MYRICK, Appellant,
v.
Edgar MILLER et al., Appellees.
No. 71-275.
District Court of Appeal of Florida, Third District.
December 7, 1971.
Rehearing Denied January 24, 1972.
*256 Ward, Ward, Straessley, Hiss & Heath, Miami, for appellant.
Robert L. Achor, Lurie & Goethel, Miami, for appellees.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
Defendant-appellant, Mrs. Myrick seeks review of a final judgment in favor of plaintiffs Miller and Russell, cross-defendant, Clark and intervenor, Wasman, appellees.
Myrick employed the law firm of Miller and Russell to advise her about redeveloping her fifteen acre tract into a duplex and apartment complex and relocating her trailer park. Zoning, sewerage, and engineering matters were to be evaluated and a plan formulated. The plaintiffs and Clark were to obtain the necessary zoning and financing with Clark to handle all phases of the construction. Plaintiffs hired Wasman, an attorney, to obtain the rezoning.
Rezoning was obtained. Appellant, however, contends that not only did the rezoning contain abhorrent conditions imposed by the zoning authority, but that it constituted prohibited "contract" zoning. There was also a requirement that some of her property be dedicated for roads. She also asserts that the financing proposed would reduce her expected profits to practically nothing, thereby amounting to frustration of commercial purpose. The appellees counter that the conditions were general building codes or health requirements which she had earlier accepted, and that she had agreed that certain financing arrangements were acceptable. The lower court found that the breach of the contract was prompted by the divorce of her nephew and niece who would have participated in the redevelopment, and it rejected her defenses to the breach.
The plaintiffs sued for their fees for services. Wasman was granted leave to intervene, and he filed a claim for his fees in preparing and presenting the zoning request. Myrick counter-claimed and cross-claimed for a rescission and an accounting. Clark, who had been joined as a cross-defendant, filed a counterclaim, seeking loss of the bargain on the contract. The trial court entered a final judgment for plaintiffs for $11,000.00, for Clark for $60,000.00, and Wasman, $5,000.00.
*257 We affirm those portions of the judgment awarding attorneys' fees to plaintiffs Miller and Russell and to intervenor Wasman. There is competent substantial evidence that Miller and Russell rendered considerable legal services on Mrs. Myrick's behalf. They worked together for a period of time with Wasman in connection with the rezoning, in which Clark and an architect also participated. Miller and Russell had actual or apparent authority to retain the services of additional counsel, and Myrick ratified such participation. An appellate court will not retry the facts of a law suit.
We now turn to a consideration of the award of damages to Clark.
Where breaches of contract cause the prevention or interruption of a new business, which business lacks a history of profits, certain rules apply which the lower court erroneously failed to apply or misapplied.
The general rule is that anticipated profits of a commercial business are too speculative and dependent upon changing circumstances to warrant a judgment for their loss. An exception is that the loss of profits from the interruption of an established business may be recovered where the plaintiff makes it reasonably certain by competent proof as to the amount of the actual loss.
We apply these rules to the instant situation, as revealed by the trial judge's findings of fact. The minimum amount of the contract price for construction was $600,000.00, but the price would range, depending upon the size of the project, up to $1,400,000.00. The trial court found, by implication, that it was more likely that parties contemplated a contract of $600,000.00, in light of the rezoning plan and the financing charges which Mrs. Myrick was capable of paying. We do not view the court's construction of the language of the contract as being a "costplus" contract or guarantee of profit; rather, it was a building contract for a set price. Despite some expert evidence that 10% of the cost of construction is the calculated amount expected to be realized from a contractor's agreement to construct buildings and structures of the nature involved in the Myrick development, Mr. Clark failed to present his history of income, expense, and profit realized as to construction ventures of this type. This is a failure of proof, which renders his estimate of a 10% profit on the total cost in a new business or new line of an existing business wholly speculative. New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856; Babe, Inc. v. Baby's Formula Service, Inc., Fla.App. 1964, 165 So.2d 795, 6 A.L.R.3d 320; Welbilt Corporation v. All State Distributing Co., Fla.App. 1967, 199 So.2d 127.
Therefore, we affirm those portions of the judgment awarding attorney's fees to plaintiffs Miller and Russell and to intervenor Wasman; we reverse the award of damages to Clark.
Affirmed in part and reversed in part.