PER CURIAM.
The appellant sued the appellee for an alleged breach of contract wherein the ap-pellee had agreed to sponsor by the purchase of advertising a series of radio programs which the appellant was promoting. Appellant claimed damages in the amount of the full contract price. The cause went to the jury upon the issue of the existence of the contract and the issue of appellant’s damages. The jury returned a verdict for the appellant for one-half of the full contract price. After trial the trial judge entered an order granting judgment for the defendant, appellee, in accordance with its motion for directed verdict. We affirm.
The trial judge based his order upon a holding first that the purported contract never came into being and second that even if the existence of the contract had been established there was no proof of any damages. On this appeal, the appellant urges error upon each of the grounds assigned by the trial judge. Having examined the record in the light of the arguments presented, we hold that the trial judge was clearly correct in his conclusion that the appellant as plaintiff totally failed to prove recoverable damages. Therefore, we do not find it necessary to discuss the complicated facts incident to the trial judge’s conclusion that a contract was not established.
The record on this appeal establishes without conflict that if a contract came into being that there was an immediate and anticipatory breach on the day following the making of the contract. When such a breach occurs the plaintiff must elect as the proper measure of damages; (1) loss of profits upon the contract, or (2) those damages that will put him in the same position as he was immediately prior to making the contract. Sundie v. Lindsay, Fla.App.1964, 166 So.2d 152. If the plaintiff elects to seek loss of profits as damages for breach of a contract the loss must be proven so that it can be ascertained with reasonable certainty. Myrick v. Miller, Fla.App.1971, 256 So.2d 255 (released Dec. 7, 1971); Restatement of Contracts §§ 333, 338 (1932). The trial judge relied upon and cited the opinion of the Florida Supreme Court in Sullivan v. McMillan, 26 Fla. 543, 8 So. 450 (1890) for this statement of the law. We agree with this holding and affirm.
Affirmed.