286 So.2d 272 (1973)
KENCO CHEMICAL AND MANUFACTURING COMPANY, INC., a Florida Corporation, Appellant,
v.
G. Brett RAILEY, Jr., Appellee.
No. S-75.
District Court of Appeal of Florida, First District.
December 13, 1973.
*273 Albert S.C. Millar, Jr., and W.K. Lally, Millar, Fallin, & Lally, Jacksonville, for appellant.
Ronald E. Dusek, Datz, Jackson & Dusek, Jacksonville, for appellee.
CARROLL, CHARLES A., Associate Judge.
The appellee G. Brett Railey, Jr. filed a complaint in the Circuit Court of Duval County against the appellant Kenco Chemical and Manufacturing Company, Inc. Therein it was alleged that the plaintiff was in the employ of Kenco from August of 1968 to September of 1969;[1] that his employment was wrongfully terminated by Kenco; that he became entitled to certain accrued salary and profits after the termination of his employment; that on June 7, 1970, the parties entered into a further written agreement, copy of which was attached to the complaint. Therein Railey cancelled his claims and sold his stock for $20,000. That contract also contained a covenant not to compete or divulge trade secrets. The time period fixed in the non-compete covenant was five years, with no geographical area or limit specified. The complaint charged that the non-compete covenant was invalid and prayed for a judgment so holding.
The defendant answered and counterclaimed, alleging the non-compete covenant was breached by certain actions of the plaintiff between January and July of 1970, for which the defendant sought damages.
Upon trial of the cause before the court, judgment was entered upholding the validity of the non-compete agreement, for which the court reduced the time period from five to three years and limited its geographical area to the State of Florida and to "within 100 miles of those areas in the State of Georgia wherein defendant is engaged in said business." The court found that plaintiff breached the covenant and awarded $4,000 damages to the defendant-counterclaimant, for which judgment was entered. The judgment contained an injunction restraining the plaintiff from divulging Kenco's trade secrets.
Kenco appealed, claiming the damages awarded were inadequate, contending the court failed to consider and apply evidence of loss of profits in a considerably large amount. The plaintiff Railey filed cross-assignments of error, upon the basis of which he sought reversal of the holding as to validity of the non-compete covenant and the injunction against violation thereof, and reversal of the award of damages.
We find no merit in the arguments of the appellee based on his cross-assignments of error. Section 542.12(2), Florida Statutes, F.S.A. provides that a shareholder who sells his shares in the corporation may agree with the buyer, and one who is employed may agree with his employer, "to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer *274 within a reasonably limited time and area, * * *." In that subsection of the statute it is further provided that such agreements may be enforced by injunction.
Here, actions of Railey in breach of the covenant which took place prior to the written agreement of June 7, 1970, were covered by his intial covenant not to compete, made by him as an employee. The portion of such actions which occurred after the June 7, 1970, agreement were within the statute under agreement not to compete made by Railey upon sale of his stock in the corporation. Upon modifying the contracts to reasonable limits of time and area, the court was eminently correct, by virtue of § 542.12(2), in declaring the validity of the covenant not to compete. Determination of reasonable limitations of the covenant as to time and geographical area was within the province of the Court. Flammer v. Patton, 245 So.2d 854, 859 (Fla. 1971); Kofoed Public Relations Associates, Inc. v. Mullins, 257 So.2d 603, 605 (Fla.App. 1972). Damages were allowable for breach of the covenant, and, as provided for in the statute, the covenant was enforceable by injunction.
On considering the appellant's contention of inadequacy of damages, we conclude no reason in law has been shown to disturb the judgment which was entered.
The appellant argued that the trial court failed to give due effect to evidence of its loss of profits, claimed to have been the result of the breach of the covenant. On this record we find no error in that regard.
The general rule is that anticipated profits of a commercial business are too speculative and dependent upon changing circumstances to warrant a judgment for their loss. An exception is that the loss of profits from the interruption of an established business may be recovered where the plaintiff makes it reasonably certain by competent proof as to the amount of actual loss. New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856, 860 (Fla. 1935); Myrick v. Miller, 256 So.2d 255 (Fla.App. 1971).
The judgment entered in this case contained the following findings: "That defendant suffered damages as a result of plaintiff's said breach and the court is fully aware that proving such damages with reasonable certainty is recognized to be an almost impossible burden that is recognized by the law. * * * While defendant contends for large sums as damages this court is unable to attribute all apparent loss of business to plaintiff's efforts."
As evidence of loss of profits for the period from June 1970 to June 1971 the counterclaimant presented testimony that its proceeds from the sale of certain products during that period were substantially lower than had been estimated therefor. However, as pointed out by the appellee, the difference in revenue represented thereby was not shown to have resulted from actions of the appellee, and it had reference to gross receipts rather than profits. Moreover, incident thereto were other circumstances, unrelated to the appellee, which could have affected Kenco's profits for that period, consisting of a change by Kenco in its method of the sales or distribution of its products and a substantial price increase thereof by Kenco. Further, it appeared that the "competition" activities of which the appellee was found guilty took place during the six month period preceding the year for which the appellant sought to show loss of profits. There was evidence of a fixed amount of $4,000 which Kenco claimed was expended in relabeling its products because of the competitive activities of the appellee.
On consideration of the evidence submitted relating to damages, the $4,000 awarded is not shown to be without support in the record, and we agree with the conclusion reached by the trial judge that the larger sum contended for by the appellant as loss of profits was not established in the *275 evidence as an element of damages, under the law applicable thereto.
The judgment is affirmed.
RAWLS, C.J., and WIGGINTON, J., concur.
NOTES
[1] Attached to the complaint was a copy of a written contract entered into on July 27, 1968, amending an employment contract dated May 11, 1968. Therein provision was made for plaintiff to receive a certain salary and a share of profits, and for purchase by plaintiff of a quantity of the corporate stock of Kenco. Included in the original contract was a covenant not to compete.