CARROLL, Judge.
The appellant Wometco Enterprises, Inc. filed an action in the circuit court of Monroe County, against the appellee Buggy Bus Tours, Inc. Both parties operate tour trains in Key West. The complaint alleged defendant was guilty of various acts of unfair trade practice by use of equipment, colors, nomenclature, etc., similar to those of the plaintiff, in violation of its trade name and trademark under § 495.151 Fla.Stat., F.S.A., and by soliciting business in a manner which mislead and confused plaintiff’s custpmers. Plaintiff sought an injunction to restrain such practices by the defendant, and damages for loss alleged to have resulted therefrom.
The trial court granted the plaintiff in-junctive relief,[1] but denied the claim for damages.[2] The plaintiff appealed, contending that the court committed error by failing to order the defendant to move its “depot” to some place “outside a 700-foot radius from the plaintiff’s depot”, and by failing to award damages to the plaintiff.
On consideration thereof in the light of the record, briefs and argument, we hold *608 those contentions of the appellant are without merit and that no reversible error had been shown.
It was made to appear that for reasons not necessary to be outlined here the best and most profitable location for such tour train depots in Key West is an area known as Mallory Square, upon which the depots of both of the parties are located.
At the times involved here the appellee was and is a sublessee of a parcel of Mallory Square upon which its depot is located. Its sublease thereof was approved by a city ordinance on June 7, 1971.
The city is the lessee of a substantial portion of Mallory Square. On December 20, 1971, the city passed ordinances No. 71-48 and No. 71-49. Therein provision was made to lease, or sublease, to the appellant’s predecessor “the property on which the existing Conch Tour Depot is situated.” A provision in ordinance No. 71 — 48 reads as follows:
“(4) That the City shall not issue any other occupational licenses or franchises for sightseeing tour services to be located within a 700 foot radius of the present depot of the Conch Tour Train on Front Street; provided, however, that this provision shall not be construed as affecting any existing occupational licenses or franchises or renewals thereof, nor shall it be construed as affecting any occupational licenses or franchises for sightseeing tour services conducted by sea or by air.”
Appellant contends that on the basis of the above quoted provision of the ordinance the trial court should have compelled the defendant-appellee to move its depot elsewhere, since it is located within a 700-foot radius of that of the appellant.
The failure of the trial court to so order was not error. By the wording of that provision of the ordinance the appel-lee’s depot in that area, with benefit of its occupational license, was excepted. That such was the intention is demonstrated by the minutes of the meeting at which such ordinance was passed, which showed that the same was knowingly excepted from the 700-foot provision, and that it was understood that the depots of the two parties would be within such 700-foot radius area.[3]
We find no error in the provision of the judgment by which the court held that the plaintiff was not entitled to recover damages. The action was filed by the plaintiff within a month or so after it purchased the business. The loss claimed to have been sustained as a result of the actions of the appellee necessarily occurred during the pendency of the cause. The record does not reveal that any injunction pendente lite was entered or was applied for. We are not inclined to fault the trial court for concluding that the plaintiff did not sufficiently establish in evidence that it suffered loss of business or net profits as a result of wrongful actions of the appellee. See Woroner Productions, Inc. v. Tourist Develop. Auth., Fla.App. 1972, 256 So.2d 38; Myrick v. Miller, Fla.App. 1972, 256 So.2d 255, 257; New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856.
The judgment is affirmed.

. “In view of the foregoing fact findings, it is ordered and adjudged as follows:
“1. The defendant, Buggy Bus, Inc., a Florida corporation, its officers, directors, employees, agents, and servants be and they are hereby permanently prohibitorily enjoined from:
“(a) using the words ‘Conch’, ‘Tour’, and ‘Train’ in its name or any other similar words which are likely to cause confusion with the name ‘Conch Tour Train’, or any language that would tend to mislead or confuse people into thinking that they were riding the Conch Tour Train;
“(b) using the colors red, yellow or black for its vehicles, its advertising signs,, or on uniform emblems, and from using the colors yellow and blue which are presently being used by Conch Tour Train employees;
“(c) placing its clock or signs within 25 feet of any clock or sign indicating the times of departure for the Conch Tour Train;
“(d) in any manner intimidating, harassing or bothering any employee of the Conch Tour Train;
“(e) parking its vehicles within 50 feet of the area of the parking place customarily used by the Conch Tour Train;
“(f) using anyone to tout or solicit customers, or in any way mislead them or confuse them into riding one train as opposed to the other; and
“ (g) using towing vehicles similar to a locomotive.
“2. The defendant, Buggy Bus, Inc., a Florida corporation, its officers, directors, employees, agents and servants be and they are hereby mandatorily Ordered and Adjudged to:
“(a) cease using the words ‘Conch’, ‘Tour’, and ‘Train’ in its name of its vehicles and in its business;
“ (b) change the colors red, yellow and black on its vehicles, advertising signs, and uniforms ;
“ (c) remove any of its clocks or signs which are within 25 feet of any clock or sign indicating the times of departure for the Conch Tour Train.”

. “The plaintiff shall not be entitled to recover damages nor attorneys’ fees from the defendant, but is entitled to recover its taxable costs upon due motion and notice.”

. The minutes of the meeting in question included the following:
“The Mayor asked if anyone in the audience had any comments or questions. Mr. Gerald Hernandez, owner of the Conch Town Trolley Sightseeing Train * * * asked whether
this franchise ordinance would affect existing licenses, and also questioned the apparent exclusiveness of the franchise.
“The Mayor advised Mr. Hernandez that the Commission had specifically exempt his operation because it is in existence now. He said that they felt two tour trains within a 700' radius was sufficient. The Mayor also advised Mr. Hernandez that the city could limit areas of operation for sightseeing tour services, and that the Commission had taken every precaution to protect his operation and he did not see how his rights to operate his trains would be infringed upon.”