331 So.2d 359 (1976)
BLUEVACK, INC., a Florida Corporation, and Bleaufontaine, Inc., a Florida Corporation, Appellants,
v.
WALTER E. HELLER & COMPANY OF FLORIDA, a Florida Corporation, Appellee.
WALTER E. HELLER & COMPANY OF FLORIDA, a Florida Corporation, Appellant,
v.
BLUEVACK, INC., a Florida Corporation and Bleaufontaine, Inc., a Florida Corporation, Appellees.
Nos. 75-728, 75-729.
District Court of Appeal of Florida, Third District.
May 4, 1976.
Marx & Squitero, Miami, and Richard D. Krinzman, Miami Beach, for Bluevack and Bleaufontaine.
Friedman, Britton & Stettin, Miami, for Walter E. Heller & Co.
*360 Before BARKDULL, C.J., HAVERFIELD, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Defendants appeal a final judgment in the total sum of $30,500 entered in favor of plaintiff in this action for breach of loan commitment contracts.
Defendants Bluevack, Inc. and Bleaufontaine, Inc. are the respective owners of 450 acres and 54 acres in and around the Fountainbleau Park area, and on December 6, 1971 each corporation executed letter agreements with the plaintiff, Walter E. Heller & Company of Florida, a commercial finance company, wherein Bleaufontaine agreed to borrow from Heller $2,000,000 for the construction of a motel. The loan would be secured by a mortgage which "shall be a first lien" on the property. In accordance with the terms of the agreement, Bleaufontaine tendered to Heller a check for $26,000 as a non-refundable commitment fee for Heller's services in setting up the loan; however, upon request of the defendants, Heller did not deposit the check. Bluevack also agree to borrow $1,100,000 to be secured by a mortgage. Shortly thereafter defendants received a commitment for an $8,000,000 loan from Atico Financial Corporation and stopped payment on the $26,000 check to Heller. This suit for damages and breach of contract ensued. Following a non-jury trial, the court found that contrary to the contention of defendants, the December 6 commitment letters were valid and binding contracts and the $26,000 commitment fee a valid provision for liquidated damages. The court denied Heller's claim for loss of future profits because such profits could not be determined with any reasonable degree of accuracy. Thereupon, judgment for $26,000 plus $4,500 as reasonable attorney fees was entered in favor of Heller. Defendants appeal and Heller cross-appeals.
Defendants primarily argue that the agreement letters are not legally binding contracts because they lack certainty and definiteness. We cannot agree.
The rule that it is possible for parties to make an enforceable contract binding them to prepare and execute a subsequent agreement is well recognized provided that the agreement is definite and certain upon all the subjects to be embraced. See John I. Moss, Inc. v. Cobbs Company, Fla.App. 1967, 198 So.2d 872 and 17 Am.Jur.2d Contracts § 26 (1964). After a review of the December 6 agreement letters, we find the terms are sufficiently clear and definite to constitute a valid enforceable contract. Cf. White Lakes Shop Ctr. v. Jefferson Standard L. Ins. Co., 208 Kan. 121, 490 P.2d 609 (1971).
For their second point on appeal, defendants urge as error the award to Heller of the $26,000 commitment fee as liquidated damages in that this fee must be construed as a penalty.
If actual damages are difficult to ascertain by some known rule or pecuniary standard under reasonable circumstances, the sum designated to be paid on breach of the contract will be regarded as liquidated damages if it does not appear to be unreasonable in amount. See 9A Fla.Jur. Damages § 110 (1972) and cases cited therein. The actual damages sustained by Heller as a result of the breach by the defendants are uncertain in amount since Heller could have obtained other investment opportunities. It is also apparent that the $26,000 commitment fee is not unreasonable in view of the amount of the loans.
Defendants also argue that the court erred in awarding Heller $4,500 as reasonable attorney fees. Since the letter agreements make provision for payment of attorney fees, we conclude this contention must fail.
*361 We also considered defendants' remaining points on appeal and find no reversible error has been made to appear.
On cross-appeal Heller contends the court erred when it failed to include in the final judgment damages claimed for loss of profits.
In order that a recovery may be had for loss of profits, it is necessary that they be capable of proof with reasonable certainty and not entirely conjectural. See 9A Fla.Jur. Damages § 82 (1972).
After a review of the evidence presented, we agree with the finding of the trial judge that the loss of future profits cannot be determined with any reasonable degree of accuracy.
Affirmed.