HENDRY, Judge.
Appellant, plaintiff below, appeals from an adverse final judgment entered by the trial court pursuant to appellee’s , defendant below, motion for a directed verdict made at the close of appellant’s case during a jury trial. Appellant also appeals from an order denying his motion for a new trial.
Appellant filed a complaint seeking, among other things, damages for the breach of a written contract entered into with appellee. The contract, basically, provided for the booking of appellant’s greyhounds at appellee’s race track for the 1967 through 1970 racing seasons. Appellant, pursuant to the contract, raced his greyhounds at appellee’s race track during the 1967, 1968, and 1969 racing seasons. However, in 1970 appellee refused to permit appellant to compete at the race track. As a result of this refusal, appellant filed his complaint seeking damages for the anticipated purses which he might have earned had he been allowed to race for the 1970 racing season.
During the course of a jury trial and at the close of appellant’s case, appellee moved for a directed verdict, on the grounds that *478 appellant had failed to make it reasonably certain by competent proof the amount of his damages, which was granted by the trial court. Thereafter, the trial court entered a final judgment in favor of appellee and denied appellant’s motion for a new trial. From this final judgment and order, appellant appeals.
Appellant raises the following. three points on appeal: (1) that the directed verdict should not have been granted because there was evidence from which the jury could have lawfully found for him; (2) the uncontroverted proof adduced by him of his earnings between 1965 and 1971 was sufficient to present a jury question on the amount of the damages he suffered; and (3) an affirmance of the directed verdict would authorize the breach of contracts without any fear liability for the breach.
Appellee contends that where, as in the instant case, a plaintiff has failed to make it reasonably certain by competent proof what the amount of his actual loss was, the trial court is justified in directing a verdict for the defendant. Also, appellee contends that the granting of a motion for a directed verdict is a correct legal procedure for the trial court to use where the plaintiff has failed to prove his case in the manner required by law.
In the case of New Amsterdam Casualty Co. v. Utility Battery Manufacturing Co., 122 Fla. 718, 166 So. 856 (1936) the Supreme Court of Florida stated the following rule:
“The general rule is that the anticipated profits of a commercial business are too remote, speculative, and dependent upon changing circumstances to warrant a judgment for their loss. There is an exception to this rule that the loss of profits from the interruption of an established business may be recovered where the plaintiff makes it reasonably certain by competent proof what the amount of his actual loss was.”
After a careful review of the record in the instant appeal, we have concluded that appellant has failed to meet the requirements of the rule and its exception set forth above. Appellant’s proof of his damages was too speculative to go to the jury; therefore, the trial court properly granted appellee’s motion for a directed verdict. Also, see, e. g., Myrick v. Miller, 256 So.2d 255 (Fla.3d DCA 1971); and Babe, Inc. v. Baby’s Formula Service, Inc., 165 So.2d 795 (Fla.3d DCA 1964). Further, we conclude that the other points raised by appellant on appeal are without merit.
Thus, after a consideration of the record, all points in the briefs and arguments of counsel in the light of the controlling principles of law, we have concluded that no reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the final judgment and order appealed are affirmed.
Affirmed.