383 So.2d 256 (1980)
David BALTER, Appellant,
v.
PAN AMERICAN BANK OF HIALEAH, Appellee.
No. 78-800.
District Court of Appeal of Florida, Third District.
April 22, 1980.
Rehearing Denied May 30, 1980.
Bailey & Dawes and Guy B. Bailey, for appellant.
Smathers & Thompson and Shepherd D. Johnston, for appellee.
Before HENDRY, HUBBART and SCHWARTZ, JJ.
PER CURIAM.
This appeal arose out of a claim for breach of contract asserted by Mr. Balter, the appellant/plaintiff, against Pan American Bank of Hialeah regarding a loan of money to appellant's corporation under an approved plan of arrangement.[1] The bank *257 had refused to go through with the loan and plaintiff sued. The cause[2] proceeded to trial, and at the conclusion of the plaintiff's case the bank moved for a directed verdict. The trial court granted the motion and plaintiff appeals, contending that the trial court erred in directing a verdict for the appellee/defendant and that the jury, if it had had an opportunity to evaluate the plaintiff's evidence, would have returned a verdict for the plaintiff. We find no merit in the arguments advanced by appellant, and agree with the trial court that there was no enforceable contract entered into, the parties were merely negotiating as to the terms to be yet reached. It is apparent that the essentials of a binding loan agreement were conspicuously absent. There was no understanding as to the exact amount of money, the interest rate or time and method of repayment; furthermore, nothing was ever signed and no documents were exchanged between the parties. We affirm on the authority of Calosso v. First National Bank of Pompano Beach, 143 So.2d 343 (Fla.2d DCA 1962). Compare, Bluevack Inc. v. Walter E. Heller & Company of Florida, 331 So.2d 359 (Fla.3d DCA 1976). The conversations between the parties constitute merely preliminary negotiations. See Bluevack, supra, and Goff v. Indian Lake Estates, Inc., 178 So.2d 910 (Fla.2d DCA 1965).
Further support for the affirmance of the trial court's order is found in the record which shows that there was no consideration by Mr. Balter for the bank's alleged promise to lend money. As so aptly stated by the appellee, where there is no mutuality of obligation, the necessary element of consideration is lacking and the "contract" is void. No purported agreement can be valid which binds one party but not the other; in such a case there is a fatal lack of mutuality or reciprocity required to make an agreement binding on any party. Such mutuality of obligation is essential to the formation of a bilateral contract such as appellant contends was formed between the parties. See Ivey Plants, Inc. v. FMC Corporation, 282 So.2d 205 (Fla. 4th DCA 1973); 17 Am.Jur.2d Contracts § 11; 11 Fla.Jur.2d Contracts § 56; 7 Fla.Jur. Contracts § 9.
Accordingly, the judgment appealed is affirmed.
NOTES
[1] It seems that three months prior to the time that negotiations were going on between Mr. Balter and the bank regarding the loan, appellant had filed a Chapter XI Petition in Bankruptcy.
[2] Actually there are multiple defendants, but the count relating to the alleged breach of contract to loan money was against the bank, only.