427 So.2d 1035 (1983)
Abe SCHONFELD, Appellant,
v.
ALBERT ALPERT & SONS, LTD., a Foreign Corporation, Appellee.
No. 82-1034.
District Court of Appeal of Florida, Third District.
February 22, 1983.
Rehearing Denied March 28, 1983.
Morgan, Lewis & Bockius and Richard A. Pettigrew and Lauri B. Waldman, Miami, for appellant.
Shapiro & Leder and Paul D. Breitner, Miami, for appellee.
*1036 Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
NESBITT, Judge.
Abe Schonfeld appeals a final judgment entered after jury verdict awarding $476,097 to Albert Alpert & Sons, the plaintiff below. We reverse the portion of the award designated as lost profits upon a holding that it was supported only by speculative and conjectural testimony.
Albert Alpert & Sons is in the business of rehabilitating real property and improvements pursuant to a program subsidized by the federal Department of Housing and Urban Development (HUD). The Alpert company paid Schonfeld for an option to purchase a distressed building. The building became the subject of a rehabilitation plan and application submitted to HUD for acceptance into its program. Before the option could be exercised, the building was demolished by the City of Miami in accordance with a ruling of the Unsafe Structures Board. Alpert & Sons sued Schonfeld for his fraud in concealing the pendency of condemnation proceedings and for his breach of the option contract in allowing the subject matter of the option to be destroyed.
At trial, Alpert & Sons attempted to demonstrate its lost profits through the testimony of one of its principals. Over objection, Stewart Alpert testified that, in his opinion, HUD would have accepted the company's proposal. He based this opinion on his company's track record, his knowledge of applicable HUD guidelines, the salability of the project, and the approval of Dade County and the City of Miami. Stewart Alpert was also permitted to testify as to a method of calculating the profit that would have been realized assuming HUD approval. Additionally, an expert testified that, based on a mortgage figure provided by Alpert, the profit on the proposal would be in the neighborhood of $440,000. This is precisely the amount the jury awarded as lost profits.
Alpert & Sons does not dispute that, absent HUD approval, the lost profits configurations of these two witnesses are meaningless. It contends, however, that Stewart Alpert's opinion asserting the imminence of such approval was grounded in reasonable certainty. We disagree. Although Alpert & Sons had performed several rehabilitations through the HUD program, it had never applied at the Jacksonville office, where the subject application was filed. More importantly, about half of its applications in the other geographic locations had been denied. Even ignoring his obvious interest in the outcome of the suit, Stewart Alpert was not in a position to predict how HUD officials would exercise their discretion with regard to his company's latest application. His attempt to do so amounted to mere conjecture, for which there is no place in our courts. See Drackett Products Co. v. Blue, 152 So.2d 463 (Fla. 1963). Damages for an anticipated loss of profits must be shown to a reasonable certainty by competent proof. Florida Outdoor, Inc. v. Stewart, 318 So.2d 414, 415 (Fla. 2d DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976). Albert Alpert & Sons failed in this respect and was not entitled to lost profits damages.
The judgment appealed from is reversed with directions to delete the $440,000 award for lost profits. In all other respects, the judgment is affirmed.
Affirmed in part; reversed in part, with directions.