PER CURIAM.
This is an appeal of a final judgment entered after a jury verdict in favor of real estate broker, William R. Braddon, in a breach of contract action against the Doran Jason Company [Doran Jason]. We agree with the appellant, Doran Jason, that the evidence fails to support the $1,830,914 damages awarded Braddon as his share of commissions under his employment agreement with Doran Jason. We, therefore, reverse that portion of the final judgment awarding $1,830,914 to Braddon.
The basic facts in this case are not in dispute. Braddon was engaged by Doran Jason as an agent to procure tenants for commercial real estate. The agreement between Braddon and Doran Jason provided that Braddon would get fifty-seven percent of those commissions received by Doran Jason which were generated from leases where Braddon had attracted the tenant. Upon being terminated by Doran Jason, Braddon instituted an action for breach of contract. Braddon claimed that payments were owed him from various leases he had negotiated, including a highly lucrative transaction with Ari-Star, Inc.
At trial, Braddon’s expert witness, an accountant, opined that Braddon would be entitled to a maximum payment of $1,830,-914 if all of the lessees signed by Braddon chose to exercise their lease options in the future. The jury returned a verdict in that amount. Doran Jason promptly challenged the award as excessive and moved for a directed verdict or a new trial. These motions were denied, and the trial court entered final judgment in favor of Braddon in the amount of $1,830,914.
Although an appellate court is restricted in its review of an order denying a motion for a new trial on the ground of excessive verdict, the court can step in when the amount is so great “that the jury must have found it while under the influence of passion, prejudice, or great mistake.” Lassitter v. International Union of Operating Engineers, 349 So.2d 622, 627 (Fla.1976). A study of the instant record compels the conclusion that the jury was acting under a great mistake, as the verdict was far in excess of the amount of damages that could have properly been awarded. While Braddon had a contractual right to fifty-seven percent of the commissions paid to Doran Jason pursuant to leases Braddon had negotiated, his right to *288 payment matured only after Doran Jason had received the commissions. Here the conditions precedent — the exercise of the lease options by Braddon’s tenants and the receipt of the corresponding commissions by Doran Jason — have not been established.
The evidence reveals that Doran Jason received a commission of $200,000 on the Ari-Star project, thus entitling Braddon to a total of $114,000 as his proportionate share. Braddon’s right to payment in connection with the other leases will not be triggered until the lease options are exercised and Doran Jason receives its commissions. The $1,830,914 figure quoted by Braddon’s expert witness was premised on the dual assumptions that all of the prospective lease options would be utilized and that all appropriate commissions would be received by Doran Jason. This reasoning was the only foundation on which the jury could have based its assessment of damages. It is clear that the basis for the jury’s award of the maximum figure-was fatally speculative. See Schonfeld v. Albert Alpert & Sons, Ltd., 427 So.2d 1035 (Fla. 3d DCA 1983) (award of lost profits to prospective purchaser of property was improper where it was supported only by speculative testimony regarding anticipated amounts that would have been realized if the Department of Housing and Urban Development had approved the subject property for rehabilitation and there was no reasonable certainty that such approval would have been granted).
If at some future date Doran Jason refuses to pay Braddon his rightful share of the commissions or subverts receipt of the commissions to avoid paying Braddon, he may at that time pursue his cause of action and demand his rightful share. At this juncture, however, Braddon is only entitled to $114,000 as his share of the $200,000 commission on the Ari-Star project. Accordingly, we reverse that portion of the final judgment awarding $1,830,914 to Braddon.
Affirmed in part, reversed in part, and remanded.