RYDER, Acting Chief Judge.
This is an appeal from the lower court’s judgment awarding appellant damages in the amount of $3,000.00 for negligent bailment of his 1975 Porsche 911-935 automobile. Appellant raises three points on appeal, two of which have merit.
Appellant first argues that the trial court erred in refusing to allow him to amend his complaint for a second time to include a count for common law conversion and in dismissing his claim for statutory civil theft. Appellant’s initial complaint contained only the count for statutory civil theft. His first amended complaint added the negligent bailment count. The statutory civil theft count was dismissed during trial at the conclusion of appellant’s case.
*1145 The trial court’s refusal to allow appellant to amend his complaint at the beginning of trial to add the claim for common law conversion was within its sound discretion. See Houston Texas Gas & Oil Corp. v. Hoeffner, 132 So.2d 38 (Fla. 2d DCA 1961), cert. denied, 136 So.2d 349 (Fla.1961). However, in our opinion the court erred in dismissing appellant’s civil theft claim. When the plaintiff has made out a prima facie case, the trial court cannot reweigh the evidence in ruling on the defendant’s motion for involuntary dismissal. Tillman v. Baskin, 260 So.2d 509 (Fla.1972). The evidence adduced by appellant, if believed, overwhelmingly supported his claim for civil theft. We therefore reinstate appellant’s civil theft count and remand for a trial thereon, including consideration by the trial court of whether appellant is entitled to statutory treble damages.
Appellant’s second meritorious point concerns whether the trial court abused its discretion in awarding damages in the amount of only $3,000.00. We think the trial court did abuse its discretion, because • the award of $3,000.00 is not supported by the evidence. Even the lowest damage estimate, given by appellee’s expert witness, was higher than $3,000.00. The award of $3,000.00 was pure speculation on the part of the trial court and it cannot stand. See Florida Outdoor, Inc. v. Stewart, 318 So.2d 414 (Fla. 2d DCA 1975), cert. denied, 333 So.2d 465 (Fla.1976). On remand, the trial court must redetermine the damages sustained by appellant due to appellees’ negligent bailment of his vehicle.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
HALL and FRANK, JJ., concur.