890 So.2d 1130 (2004)
Chuck BLANKENSHIP, Appellant,
v.
DEPARTMENT OF TRANSPORTATION, et al., Appellee.
No. 5D03-4126.
District Court of Appeal of Florida, Fifth District.
December 3, 2004.
Order Denying Rehearing January 21, 2005.
*1131 Thomas P. Callan, G. Robertson Dilg and Alison M. Yurko of Thomas P. Callan, P.A., Orlando, for Appellant.
Pamela S. Leslie, General Counsel and Gregory G. Costas, Assistant General Counsel of Department of Transportation, Tallahassee, for Appellee.
ORFINGER, J.
Chuck Blankenship appeals a final judgment entered in an eminent domain valuation proceeding. Blankenship contends that the trial court erred when it prohibited him from "introducing any evidence as to his allegation that the Florida Department of Transportation's ["FDOT"] taking of parcel 835 would cause the flooding of his remainder property and to the severance damages that would result therefrom." We agree and reverse for a new trial on damages.
*1132 FDOT acquired a perpetual drainage easement, parcel 835, over a portion of Blankenship's property for the purpose of constructing a storm water pipeline below ground level. Prior to trial, FDOT filed a motion in limine regarding Blankenship's flooding claim in which it argued, in pertinent part:
[I]t is believed that Respondent [Blankenship] will attempt to introduce testimony or documentary evidence at the trial of this cause that suggests FDOT's taking will cause flooding to Respondent's property.
3. Evidence regarding the possible flooding of Respondent's property is speculative in nature and, therefore, not ripe for adjudication in this eminent domain full compensation trial. Walters v. State Road Dept., 239 So.2d 878 (Fla. 1st DCA 1970), Florida Outdoor, Inc. v. Stewart, [318 So.2d 414] (Fla. 2d DCA 1975).
4. Furthermore, a claim for flooding is properly brought as an inverse condemnation claim if and only if the flooding actually does occur. Kendry v. State Road Dept. [sic] of Florida, 213 So.2d 23 (Fla. 4th DCA 1968), Dudley v. Orange County, 137 So.2d 859 (Fla. 2d DCA 1962). To allow such a speculative claim at the jury trial on full compensation would be highly inflammatory and prejudicial and would constitute reversible error.
Over Blankenship's objection, the trial court granted FDOT's motion in limine, concluding that the potential flooding alleged by Blankenship would not allow for severance or consequential damages, and would, therefore, be irrelevant to the eminent domain damages trial. In light of the trial judge's ruling, the parties resolved the remaining valuation issues. A final judgment was then entered against FDOT "for damages resulting to the remainder if less than the entire property was taken, and for all other damages of any nature, including interest, subject to claims for apportionment, if any." In his motion for rehearing, Blankenship argued that the inclusion of the language quoted from the final judgment would bar him from ever seeking damages for flooding, even though his flooding claim had not been tried and was not the subject of any settlement. After the motion for rehearing was denied, this appeal followed.
Article X, Section 6 of the Florida Constitution provides for "full compensation" to a land owner for property taken for a public purpose. "There is no single test for determining what is full compensation." Fla. Power & Light Co. v. Jennings, 518 So.2d 895, 897 n. 2 (Fla.1987). "[A]ll facts and circumstances which bear a reasonable relationship to the loss" must be taken into consideration determining full compensation. Jacksonville Expressway Auth. v. Henry G. DuPree Co., 108 So.2d 289, 291 (Fla.1958). The issue in eminent domain proceedings is to determine what is full compensation for both the property taken and for damages to the remaining property. Jennings, 518 So.2d at 898. Any factor which impacts on the market value of the land taken for a public purpose may be considered to explain the basis for an expert's valuation opinion. Id. at 899.
In the proceedings below and in this court, FDOT argues that Blankenship's flooding claim should be brought as an inverse condemnation claim, if and when flooding occurs. In support of that argument, FDOT cites Kendry v. State Road Department of Florida, 213 So.2d 23 (Fla. 4th DCA 1968). Notably, however, FDOT fails to consider that Kendry did not involve a direct taking claim. As a result, the Kendry landowners' only avenue of recourse was an inverse condemnation *1133 claim. We reject FDOT's argument that the same rule should apply here because it has long been recognized that "injury by the condemnor to remaining land caused by obstructing, diverting or increasing the flow of surface waters, but which do not amount to a permanent deprivation by the owner of the use of such remaining lands, is a consequential damage resulting from the taking in an eminent domain proceeding, and must be recovered in that proceeding if at all." Poe v. State Rd. Dep't, 127 So.2d 898, 901 (Fla. 1st DCA 1961).
Accordingly, we reverse the judgment and remand this matter for a new trial on damages.
REVERSED and REMANDED.
PALMER and TORPY, JJ., concur.

ON MOTION FOR REHEARING
ORFINGER, J.
We deny the Florida Department of Transportation's motion for rehearing but clarify our opinion by adding footnote one.
Chuck Blankenship appeals a final judgment entered in an eminent domain valuation proceeding. Blankenship contends that the trial court erred when it prohibited him from "introducing any evidence as to his allegation that the Florida Department of Transportation's ["FDOT"] taking of parcel 835 would cause the flooding of his remainder property and to the severance damages that would result therefrom." We agree and reverse for a new trial on damages.
FDOT acquired a perpetual drainage easement, parcel 835, over a portion of Blankenship's property for the purpose of constructing a storm water pipeline. Prior to trial, FDOT filed a motion in limine regarding Blankenship's flooding claim in which it argued, in pertinent part:
[I]t is believed that Respondent [Blankenship] will attempt to introduce testimony or documentary evidence at the trial of this cause that suggests FDOT's taking will cause flooding to Respondent's property.
3. Evidence regarding the possible flooding of Respondent's property is speculative in nature and, therefore, not ripe for adjudication in this eminent domain full compensation trial. Walters v. State Road Dept., 239 So.2d 878 (Fla.1970), Florida Outdoor, Inc. v. Stewart, [318 So.2d 414] (Fla. 2d DCA 1975).
4. Furthermore, a claim for flooding is properly brought as an inverse condemnation claim if and only if the flooding actually does occur. Kendry v. State Road Dept. [sic] of Florida, 213 So.2d 23 (Fla. 4th DCA 1968), Dudley v. Orange County, 137 So.2d 859 (Fla. 2d DCA 1962). To allow such a speculative claim at the jury trial on full compensation would be highly inflammatory and prejudicial and would constitute reversible error.
Over Blankenship's objection, the trial court granted FDOT's motion in limine, concluding that the potential flooding, alleged by Blankenship, would not allow for severance or consequential damages, and would, therefore, be irrelevant to the eminent domain damages trial. In light of the trial judge's ruling, the parties resolved the remaining valuation issues. A final judgment was then entered against FDOT "for damages resulting to the remainder if less than the entire property was taken, and for all other damages of any nature, including interest, subject to claims for apportionment, if any." In his motion for rehearing, Blankenship argued that the inclusion of the language quoted from the final judgment would bar him from ever seeking damages for flooding, even though his flooding claim had not been tried and *1134 was not the subject of any settlement. After the motion for rehearing was denied, this appeal followed.
Article X, Section 6 of the Florida Constitution provides for "full compensation" to a land owner for property taken for a public purpose. "There is no single test for determining what is full compensation." Fla. Power & Light Co. v. Jennings, 518 So.2d 895, 897 n. 2 (Fla.1987). "[A]ll facts and circumstances which bear a reasonable relationship to the loss" must be taken into consideration determining full compensation. Jacksonville Expressway Auth. v. Henry G. DuPree Co., 108 So.2d 289, 291 (Fla.1958). The issue in eminent domain proceedings is to determine what is full compensation for both the property taken and for damages to the remaining property. Jennings, 518 So.2d at 898. Any factor which impacts on the market value of the land taken for a public purpose may be considered to explain the basis for an expert's valuation opinion. Id. at 899.
In the proceedings below and in this court, FDOT argues that Blankenship's flooding claim should be brought as an inverse condemnation claim, if and when flooding occurs. In support of that argument, FDOT cites Kendry v. State Road Department, 213 So.2d 23 (Fla. 4th DCA 1968). Notably, however, FDOT fails to consider that Kendry did not involve a direct taking claim. As a result, the Kendry landowners' only avenue of recourse was an inverse condemnation claim. We reject FDOT's argument that the same rule should apply here because it has long been recognized that "injury by the condemnor to remaining land caused by obstructing, diverting or increasing the flow of surface waters, but which do not amount to a permanent deprivation by the owner of the use of such remaining lands, is a consequential damage resulting from the taking in an eminent domain proceeding, and must be recovered in that proceeding if at all." Poe v. State Rd. Dep't, 127 So.2d 898, 901 (Fla. 1st DCA 1961).
Accordingly, we reverse the judgment and remand this matter for a new trial on damages.[1]
REVERSED and REMANDED.
PALMER and TORPY, JJ., concur.
NOTES
[1] On remand, a factual determination must be made as to what constitutes the parent tract of the property. Dade County v. Midic Realty, Inc., 551 So.2d 499 (Fla. 3d DCA 1989); Dep't of Transp., Div. of Admin. v. Jirik, 498 So.2d 1253, 1255 (Fla.1986). Blankenship is entitled to seek recovery for consequential or severance damages to the remainder of the parent tract. If other property owned by Blankenship is damaged, his remedy is an action for inverse condemnation. Kendry v. State Rd. Dep't of Fla., 213 So.2d 23 (Fla. 4th DCA 1968).